IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHIQUITA CANDUSS CARTER, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. GJH-21-2787 |
| APOSTOLIC AMBASSADORS WORLD OUTREACH, | * | |
| DEKE EFFIONG, and | * | |
| GRACE EFFIONG, | | |
| | * | |
| Defendants. | | |
| | *** | |
| CHIQUITA CANDUSS CARTER, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. GJH-21-2788 |
| BEULAH BRAIDS, | * | |
| GRACE EFFIONG, | | |
| DEKE EFFIONG,[1] and | | |
| MARGHERITTA PHILLIPS, | * | |
| Defendants, | * | |

**MEMORANDUM OPINION**

Chiquita Canduss Carter, proceeding pro se, filed the above captioned actions on October 29, 2021. She filed a Motion to Proceed in Forma Pauperis in each case, and both Motions will be granted. In these cases, Carter alleges that while having her hair braided at Beulah Braids, she encountered individuals who encouraged her to move near their church, offered to help her find housing and job training, and caused her religious trauma and emotional abuse. For reasons set forth, the Court finds no basis to exercise jurisdiction over either case and will dismiss them.

---

[1] The Clerk will correct the docket to add Deke Effiong as a defendant and to correct the spelling of Grace Effiong's name as shown here.

I. **Background**

  A. **Civil Action No. GJH-21-2787**

Carter brings Civil Action No. GJH-21-2787, on the basis of federal question and diversity of the parties' citizenship. She asserts there is federal question jurisdiction because at issue in this case is "religious freedom protection, religious trauma syndrome," and emotional injury as a result of "religious acts and communication enslaving authority [sic] structure demanding loyalty and honor." Complaint, ECF No. 1 at 4. Carter claims that on September 23, 2021, Grace Effiong, owner of Beulah Braids, and her husband Pastor Deke Effiong told her that she was "going to be with God and be delivered from addiction" and offered to help her with counseling for her addiction, and obtain housing, and job training for the rest of her life. Carter claims Pastor Deke Effiong stood with her when she testified to being sexually abused by relatives, told her that her grandmother had used her as a living sacrifice, and hit her on the forehead, causing her to fall to the floor in fear of the demons and bullets he said he had seen leaving her body. *Id*. at 6. Pastor Effiong encouraged Carter to move near his church in Washington, D.C. and helped her get a job. Carter claims Pastor Effiong betrayed her by telling the whole church that she was suicidal[2] and condemned her. Carter does not state what relief she is seeking. *Id*. at 7.

  B. **Civil Action No. GJH-21-2788**

Carter alleges that on "September 24," at her hair appointment at Buelah braids she was spiritually and emotionally attacked. A hairstylist overhead Carter's phone conversations about her past substance, sexual, and emotional abuse, that Carter was going to an inpatient treatment program, and has "spent like $7,000 in two months." ECF No. 1 at 6  Carter alleges the hairstylist was a member of a church connected with the braiding salon and called Pastor Deke Effiong. The

---

[2] If Carter feels that she is suicidal, she should immediately seek help by going to an emergency room.

Pastor told Carter there were witches in her family who used her body as a living sacrifice, and advised her not to go to treatment where she was getting help with job counseling and housing. Carter states she is under "their control" and is experiencing religious trauma mental disorder. She is requesting $4 million in damages for emotional stress, religious trauma syndrome, pain and suffering, and mental anguish. *Id.* at 5.

## II. Jurisdiction

The Court must consider as a preliminary matter whether it has jurisdiction over the claims presented in these cases. Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend,* 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Carter asserts this Court has jurisdiction over her claims based on federal question and diversity of the parties' jurisdiction. The federal district courts have original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th

Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). A party seeking to invoke diversity jurisdiction under § 1332, bears the burden of demonstrating that \grounds for diversity exist and that diversity is complete. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). Complete diversity of citizenship requires that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).

Here, Plaintiff specifies no constitutional provision or federal law violated by any of the defendants, nor is any suggested by the complaint. Further, none of the defendants is alleged to be acting under the color of state law. Moreover, Carter does not meet her burden to show complete diversity of the parties' citizenship in either case. In civil action GJH-2787, the amount in controversy requirement is not satisfied. Absent a jurisdictional basis for suit in federal court, plaintiff's claims are factually and legally without merit. Such lawsuits are subject to dismissal pursuant to the Court's inherent authority. *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (subject matter jurisdiction over obviously frivolous complaint is subject to dismissal); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same). The federal rules require dismissal when there is a determination that there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[3]

**III. Conclusion**

For the reasons stated in this Memorandum Opinion, Carter's Motions to Proceed in Forma

---

[3] If Carter believes that she is being held physically against her will or state or local law has been violated, she may contact the appropriate authorities.

Pauperis will be granted and the above complaints will be dismissed without prejudice. A separate order will issue.

___November 3, 2021_____      ___/s/_____
Date                                                                  GEORGE J. HAZEL
                                                                      UNITED STATES DISTRICT JUDGE